# EXHIBIT 4

| | |
|---|---|
| 1 | Sarah R. Gonski (# 032567) |
| | PERKINS COIE LLP |
| 2 | 2901 North Central Avenue, Suite 2000 |
| | Phoenix, Arizona 85012-2788 |
| 3 | Telephone: (602) 351-8000 |
| | Facsimile: (602) 648-7000 |
| 4 | SGonski@perkinscoie.com |
| 5 | Marc E. Elias (WDC# 442007)* |
| | Elisabeth C. Frost (WDC# 1007632)* |
| 6 | John M. Geise (WDC# 1032700)* |
| | PERKINS COIE LLP |
| 7 | 700 Thirteenth Street NW, Suite 600 |
| | Washington, D.C. 20005-3960 |
| 8 | Telephone: (202) 654-6200 |
| | Facsimile: (202) 654-6211 |
| 9 | MElias@perkinscoie.com |
| | EFrost@perkinscoie.com |
| 10 | JGeise@perkinscoie.com |
| 11 | Abha Khanna (WA# 42612)* |
| | PERKINS COIE LLP |
| 12 | 1201 Third Avenue, Suite 4900 |
| | Seattle, WA 98101-3099 |
| 13 | Telephone: (206) 359-8000 |
| | Facsimile: (206) 359-9000 |
| 14 | AKhanna@perkinscoie.com |
| 15 | *Admitted Pro Hac Vice |
| 16 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Brian Mecinas, et al., | | No. 19-cv-05547-DJH |
| Plaintiffs, | | |
| v. | | **DECLARATION OF JUSTIN BARASKY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| Katie Hobbs, in her official capacity as the Arizona Secretary of State, | | |
| Defendant. | | |

I, Justin Barasky, according to 28 U.S.C. § 1746, hereby state:

1. My name is Justin Barasky. I am over 18 years of age, am competent to testify, and declare the following facts based on my own personal knowledge.

2. I am employed by the DSCC, which is the national senatorial committee of the Democratic Party. Its mission is to elect candidates of the Democratic Party to the U.S. Senate, including in and from Arizona.

3. I currently hold the title of Senior Advisor at the DSCC. I previously worked for the DSCC in 2014 and 2016 as its Communications Director and Press Secretary. Immediately prior to my return to the DSCC earlier this year, I served as the Campaign Manager for U.S. Senator Sherrod Brown's most recent re-election campaign. I also served as Senator Brown's Communications Director in 2011 and 2012. In total, I have worked with political campaigns for a decade and a half, and have more than a decade's worth of experience working with high-level U.S. Senate races. In recent months, that work has included work in Arizona specifically, in anticipation of the 2020 election. In fact, the DSCC is already funding staff positions on the ground in Arizona to support the election of Democrats in the coming election. My duties in these positions have required me to become knowledgeable about political strategy related to U.S. Senate elections generally and in Arizona specifically.

4. The DSCC works to accomplish its mission by, among other things, making expenditures for and contributions to Democratic candidates for U.S. Senate and assisting state parties throughout the country, including in Arizona. The DSCC also supports and participates in what is commonly referred to as the "coordinated campaign," in which it works collaboratively with the state party committee and other national Democratic committees to elect Democrats within the state up and down the ticket. In 2018, the last election cycle in which Arizona had a U.S. Senate race on the ballot, the DSCC's expenditures in Arizona exceeded multiple millions of dollars.

5. I am aware of the widespread belief that the first-listed candidate on a ballot gains an advantage simply because they are listed first. However, the DSCC was not aware that the ballot order effect had been or could be proven by empirical evidence until 2018, when DSCC staff reviewed recent studies that detailed the effect in elections.

6. Now that the research has established that ballot order has a substantial impact on elections, it is clear to me and the DSCC that Arizona's ballot order statute, A.R.S. § 16-502(E) (the "Ballot Order Statute"), puts the DSCC and the Democratic candidates it supports—as well as the Arizona voters who support them—at a severe disadvantage.

7. The Ballot Order Statute requires that, in every general election, all candidates who belong to the same political party as the gubernatorial candidate who won the most votes in that county during the last general election must be listed first for every race on that county's general election ballots.

8. As a result of the 2018 gubernatorial election, in 2020 Republicans will be listed first on every general election ballot in all but four of Arizona's 15 counties. Those counties are home to over 80% of Arizona's total population.

9. Unless the Ballot Order Statute is enjoined, it will create a distinct advantage for virtually all Republicans running on the general election ticket in 2020, with the exception of a small number of down-ballot races that are exclusively confined to the four counties in which Democrats will be listed first.

10. Democrats will face a distinct disadvantage in all state-wide races. Of particular concern to the DSCC is that the Ballot Order Statute will give the Republican candidate a meaningful advantage in what is expected to be a highly competitive race for U.S. Senate, as Republican Senator Martha McSally will be defending the seat to which she was appointed earlier this year.

11. Elections present constant and largely unique problems of resource management. In any given election cycle the DSCC has a certain amount of money to spend to support Democratic candidates for U.S. Senate across the country. Allocation decisions have to be made quickly and their consequences are monumental. Because elections take place on a date certain, if a decision is made not to spend money to support a candidate in any given race, that is not a decision that can be done over at any point in the future. At the same time, because the DSCC supports Democratic candidates for U.S. Senate all over the country, a decision to spend more money to support the Democratic candidate for U.S. Senate in Arizona has real consequences for what the DSCC can do to support candidates elsewhere.

12. In 2020, again, the DSCC intends to dedicate significant resources to support the election of the Democratic U.S. Senate candidate in Arizona. In addition to the electoral consequences discussed above, if the Ballot Order Statute is not enjoined, it will have significant impacts on the DSCC's resources, in severe and irreparable ways.

13. This is because, as a direct result of the Ballot Order Statute, the DSCC will have to commit even more resources to support the Democratic U.S. Senate candidate in Arizona than it would otherwise have to, to combat the ballot order effect that will give a systemic and arbitrary advantage to the Republican candidate for that seat. If the DSCC diverts those additional resources to Arizona, it will have less resources to support other Democratic U.S. Senate candidates across the country. No matter what choice the DSCC makes, its mission is compromised and severely injured by Arizona's Ballot Order Statute.

14. To address the injury to the DSCC, and to ensure that Arizona's elections are not inherently skewed in favor of a single political party from the outset, the Arizona Secretary of State should be required to use a ballot order system that gives similarly situated candidates an equal opportunity to be listed first on the ballot. The optimal way to

do this would be to rotate the Republican and Democratic candidates' names so that each appears in the first position on an equal number of ballots. But, in any event, Arizona should be required to use a system that makes it so that candidates from similarly situated parties have an equal opportunity to be listed first on the ballot in any given election.

15. Arizona already uses similar forms of rotation in numerous electoral instances, undoubtedly to combat the effects of position bias. In primary elections, for example, candidate names are rotated so that each candidate's name appears an equal number of times in each ballot position. Similarly, Arizona law provides for equal rotation among candidates who belong to the same political party when they run for the same position in general elections. In this way, Arizona ensures that the ballot order effect does not skew the results of those elections.

16. Arizona should be required to do the same in the general election, when Arizonans choose among candidates of different political parties to elect the people who will ultimately represent them and their interests in public office, including the U.S. Senate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 14, 2019

DocuSigned by:

*Justin Barasky*

9B9092A19968499...

Justin Barasky