Linley Wilson (027040)
Kara Karlson (029407)
Dustin D. Romney (034728)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, AZ 85004-1592
(602) 542-4951
linley.wilson@azag.gov
kara.karlson@azag.gov
dustin.romney@azag.gov
adminlaw@azag.gov

Mary R. O'Grady (011434)
Kimberly I. Friday (035369)
Emma J. Cone-Roddy (034285)
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012–2793
(602) 640-9000
mogrady@omlaw.com
kfriday@omlaw.com
econe-roddy@omlaw.com

*Attorneys for Defendant Arizona Secretary of State Katie Hobbs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brian Mecinas, et al., | Case No: CV-19-05547-PHX-DJH |
| Plaintiffs, | |
| v. | **RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Katie Hobbs, in her official capacity as Arizona Secretary of State, | |
| Defendant. | |

On June 16, 2020, Plaintiffs filed a Notice of Supplemental Authority notifying the Court of a memorandum opinion issued by the U.S. District Court for the District of Minnesota on June 15, 2020 in *Pavek v. Simon*, No. 19-cv-3000, 2020 WL 3183249 (D.

Minn. June 15, 2020). That case is inapposite because, *inter alia*, the Minnesota ballot order statute, Minn. Stat. § 204D.13, subd. 2, bears no similarity to Arizona's county-specific ballot order statute, A.R.S. § 16-502(E), and in *Pavek*, the defendant Secretary of State Steve Simon ("Simon") advanced entirely different defenses and arguments than those advanced by Secretary Hobbs.

For starters, the *Pavek* court did not address, and the defendant did not assert, the arguments advanced by Secretary Hobbs' regarding the Eleventh Amendment or the application of *Rucho v. Common Cause*, 139 S. Ct. 2484 (2019).

As to the merits in *Pavek*, Simon did not contest Plaintiffs' expert reports. *See Pavek* at *11. And the *Pavek* court repeatedly relied on the fact that Plaintiffs put forward *undisputed* evidence regarding the alleged ballot order effect. *See id.* at *11, *16. In contrast, Secretary Hobbs has disputed Plaintiffs' evidence with a rebuttal expert report from Sean Trende and testimony from Mr. Trende at the evidentiary hearing, and has pointed to numerous, serious flaws in Dr. Rodden's report that call into question the validity of his findings in Arizona. *See, e.g.,* Doc. 29 at 4-5 (pointing out that using more appropriate variables in a regression analysis yielded no statistically significant ballot order effect in Arizona); Doc. 30-1 (Mr. Trende's expert report); Doc. 57 at 83-91 (Dr. Rodden's testimony regarding "measurement error"); Doc. 57 at 100 (Dr. Rodden's admission of making a "mistake" in his regression analysis).

Moreover, as noted above, the Minnesota ballot order statute is materially different from Arizona's in that it places the parties that received *fewer* votes in the previous election at the top of the ballot. *See Pavek* at *3. Simon argued in *Pavek* that Minnesota's statute was a justifiable method to ensure "political diversity," *Pavek* at *26, but using the ballot simply to engineer diversity has not been recognized as a legitimate state interest. *Id.* The Secretary has not advanced those arguments here; instead, the Secretary has set forth legitimate state interests supporting Arizona's Ballot Order Statute, i.e., reducing voter confusion and ensuring that ballots are comprehensible,

orderly, and manageable by using a facially-neutral, non-partisan system that is based on demonstrated public support at the county level.  Doc. 26, at 23.  These interests, unlike the interests advanced by the defendant in *Pavek*, have repeatedly been recognized by courts as important and legitimate state interests.  *See, e.g., Libertarian Party of Va.*, 826 F.3d 708, 719-20 (4th Cir. 2016); *New Alliance Party v. N.Y. State Bd. Of Elections,* 861 F. Supp. 282, 296 (S.D.N.Y. 1994).

The district court in *Pavek* appears to have sided with the now-vacated decision of a U.S. District Court in Florida, *Jacobson v. Lee*, 411 F. Supp. 3d 1249 (N.D. Fla. 2019). *See Pavek* at *26–27.  The *Pavek* court erred when it attempted to distinguish the Eleventh Circuit Court of Appeals' subsequent analysis and holding in *Jacobson, et. al v. Florida Sec. of State, et al.*, 957 F.3d 1193 (11th Cir. 2020).  *See Pavek* at *12.  This Court should follow the Eleventh Circuit's lead to conclude that Plaintiffs lack Article III standing.  *See* Doc. 67 (Secretary's notice of supplemental authority discussing the Eleventh Circuit's decision in *Jacobson v. Lee*).

For all of these reasons, Plaintiffs' reliance on *Pavek* is misplaced.

Respectfully submitted this 22nd day of June, 2020.

/s/Dustin D. Romney
Linley Wilson (027040)
Kara Karlson (029407)
Dustin D. Romney (034728)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, AZ 85004-1592
(602) 542-4951
linley.wilson@azag.gov
kara.karlson@azag.gov
dustin.romney@azag.gov
adminlaw@azag.gov

Mary R. O'Grady (011434)
Kimberly I. Friday (035369)
Emma J. Cone-Roddy (034285)
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012–2793
(602) 640-9000
mogrady@omlaw.com
kfriday@omlaw.com
econe-roddy@omlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

Sarah R. Gonski
Austin Yost
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
SGonski@perkinscoie.com
AYost@perkinscoie.com

Marc E. Elias
Elisabeth C. Frost
Jacki L. Anderson
John M. Geise
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
MElias@perkinscoie.com
EFrost@perkinscoie.com
JackiAnderson@perkinscoie.com
JGeise@perkinscoie.com

Abha Khanna
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
AKhanna@perkinscoie.com


/s/ Misty Keys