NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Mecinas, et al., | No. CV-19-05547-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Katie Hobbs, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Emergency Motion for Injunction Pending Appeal. (Doc. 77). Therein, Plaintiffs request the Court to issue an emergency injunction that bars Defendant from utilizing the forty-year-old Ballot Order Statute pending their appeal, to prevent irreparable and severe harm to Plaintiffs. The Court previously granted Defendant's Motion to Dismiss and closed the case on June 25, 2020. (Doc. 73). Plaintiffs filed a Notice of Appeal to the Ninth Circuit on July 3, 2020. (Doc. 75). The pending Motion was filed on July 6, 2020. (Doc. 77).

As an initial matter, Plaintiffs request that if the Court is not inclined to grant their Motion it should "swiftly deny it," asking the Court to rule by 4:00 p.m. on Friday, July 10, 2020. (Doc. 77 at 2). To that end, Plaintiffs unreasonably request a ruling on the Motion "without awaiting a response from Defendant Arizona Secretary of State Katie Hobbs (the "Secretary") or other further briefing or argument, so that Plaintiffs may seek the same relief from the Court of Appeals with the benefit of the Court's ruling." (*Id.*) Nevertheless, Defendant has filed a Response (Doc. 80) and the Court will proceed to

consider the Motion without waiting for Plaintiffs to file a Reply.

## I. Background

The Court dismissed this matter finding lack of Article III Standing as to all Plaintiffs, holding that to reach the merits would result in an unlawful advisory opinion. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (*quoting United States v. Richardson*, 418 U.S. 166, 188 (1974)) (For a court to step in where plaintiffs have not established that a need to do so exists, "would significantly alter the allocation of power . . . away from a democratic form of government"). Though the Court questioned the fairness of the relief sought, and noted that the Ballot Order Statute was enacted over forty years ago,[1] it avoided the constitutional question because it was satisfied that it lacked the jurisdiction to do so. The Court alternatively held that, even if Plaintiffs had standing, it was prevented from rendering an opinion on the merits because the relief sought amounted to a nonjusticiable political question. (Doc. 73 at 25). Notably, the parties stipulated that the hearing conducted by the Court did not constitute a trial on the merits. (Doc. 70).

## II. Rule 62(d)

Plaintiffs now invoke Federal Rule of Civil Procedure 62(d) ("Rule 62") and request an injunction, relief that was not previously addressed by the Court based on the finding of no standing. Rule 62(d) provides: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

"In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). However, "it is well-settled that a court retains the power to grant injunctive relief to a party to **preserve the status quo** during the pendency of an appeal . . .." *Hawaii Hous.*

---

[1] As noted in the Court's Order, the Ballot Order Statute was enacted in 1979 "as part of a comprehensive elections code agreed to by the Arizona Democratic and Republican parties and the County Recorders Association." (Doc. 73 at 1).

*Auth. v. Midkiff*, 463 U.S. 1323, 1324 (1983) (emphasis added).

"Rule 62(d) is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision . . .." *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000); *see also Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.*, 40 F. Supp. 2d 1141, 1144 (C.D. Cal. 1999) ("The framework of Rule 62(d) represents a balancing of both parties' interests, in that it **preserves the status quo** while also protecting the appellee's rights.") (emphasis added). "Rule 62(d) does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Martinez Banos v. Godfrey*, 2019 WL 2357871, at *2 (W.D. Wash. June 4, 2019); *see also Mitchell v. United States*, 2019 WL 4141063, at *2 (D. Ariz. Aug. 30, 2019). (Where plaintiff's request for an injunction would alter the status quo rather than preserve it, Rule 62(d) does not provide a basis for exercising jurisdiction).

### III.     Analysis

Here, Plaintiffs argue that the Court should enter an injunction, staying the operation of the Ballot Order Statute during the pendency of the appeal. (Doc. 77). Plaintiffs state that "the questions at issue are effectively the same as what the parties have briefed and argued before in the preliminary injunction proceedings." (*Id.* at 1). While they argue that such injunction would *preserve* the status quo, it would actually serve to *alter* the status quo for a number of reasons. Defendant correctly points out that the Court did not reach the merits of Plaintiffs' Motion for Preliminary Injunction. (Doc. 73). In fact, because the Court dismissed the case for lack of standing, it did not reach any decision on the Motion for Preliminary Injunction because so doing would have amounted to an unlawful advisory opinion. *See DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341 (2006) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."); *see also Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 101 (1998) (A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction).

Moreover, as Defendant notes, Plaintiffs' Motion seeks different relief than was formerly sought. Previously, Plaintiffs sought an injunction that would require Arizona's fifteen counties to "implement a non-discriminatory *name rotation system* that *gives similarly-situated major-party candidates* an equal opportunity to be placed first on the ballot." (Doc. 14 at 21) (emphasis added). Plaintiffs now state that they would accept an injunction requiring the Secretary "to rotate *all candidates* for any given office" or to *implement a lottery system* to determine the first position on the ballot. (Doc. 77 at 15) (emphasis added). Moreover, as the Court noted in its Order dismissing the case, the Ballot Order Statute was enacted in 1979 and will be utilized for the twentieth time this year. Issuing an injunction as Plaintiffs request would certainly disrupt the status quo, one which has been present throughout Arizona since 1979.

Therefore, the Court finds that Plaintiffs do not seek to preserve the status quo. Rather, they seek the extraordinary relief of halting the operation of a forty-year-old state voting statute through improper procedural means, all while requesting different relief than previously sought. As the Court did not previously rule on the merits of the Motion for Preliminary Injunction based on a lack of Article III Standing, the Court must again decline to reach the merits of Plaintiffs case and will deny the Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion for Injunction Pending Appeal (Doc. 77) is **denied**.

Dated this 10th day of July, 2020.

Honorable Diane J. Humetewa
United States District Judge